**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANGELA COFFER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00478-DGK |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# SCHEDULING AND TRIAL ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the schedule below is hereby established.

## Key Dates

1. Motions to join additional parties shall be filed on or before November 14, 2024.

2. Motions to amend the pleadings shall be filed on or before November 14, 2024.

3. The parties anticipate that this action will be decided on cross-motions for summary judgment or motions for determination on the administrative record. Absent good cause, the parties do not anticipate engaging in discovery or utilizing expert witnesses. Accordingly, there is no need to establish discovery, deposition designation, witness and exhibit list, or expert deadlines.

4. Dispositive motions shall be filed on or before March 13, 2025.

5. The pretrial conference is scheduled to be held at _______ on ___________, 2025.

6. Trial briefs shall be filed seven (7) days prior to trial.

7. The parties anticipate resolving this matter on dispositive motions. However, should trial be necessary, the parties propose that it take place in October 2025. The parties expect the trial would require no more than one day to complete. The parties agree that a bench trial is appropriate.

**Amendment of Pleadings**

1. Any motion to join additional parties shall be filed on or before November 14, 2024.
2. Any motion to amend the pleadings shall be filed on or before November 14, 2024.

**Discovery**

1. **Motions**. The parties anticipate that this action will be decided on cross-motions for summary judgment or motions for determination on the administrative record. Absent good cause, the parties do not anticipate engaging in discovery or utilizing expert witnesses. Accordingly, there is no need to establish discovery, deposition designation, witness and exhibit list, or expert deadlines.
2. **Final Discovery Deadline.** Not applicable.
3. **Expert Witnesses.** Not applicable.
4. **Affidavits for Experts.** Not applicable.
5. **Treating Physicians.** Not applicable.

**Motions**

1. **Dispositive Motions.** All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before March 13, 2025. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.1 and 56.1.
2. **Daubert Motions.** Not applicable.

3. **Motions for Extension of Time.** All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

    a. The date when the pleading, response or other action is/was first due;

    b. The number of previous extensions and the date the last extension expires;

    c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

    d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

**<u>Pretrial conference & Filings Due Prior to Pretrial Conference</u>**

1. **Pretrial Conference.** A final pretrial conference in this case will be held at **______** p.m. on **_______________**, 2025, via telephone conference. **The call shall be initiated by plaintiff's counsel.** The Court's telephone number is 816-512-5602. Lead trial counsel shall participate in this conference. The agenda for this conference will include:

    a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

    b. Identification of legal and factual issues to be tried;

    c. Disposition of pending motions;

    d. Discussion of any legal questions which must be resolved prior to trial;

    e. Discussion of any suggestions by counsel to simplify and expedite the trial; and

    f. Discussion of the status and likely success of settlement negotiations.

2. **Pretrial Filings.** The parties do not anticipate that a trial will be necessary in this case as it is anticipated that all issues will be resolved by dispositive motions.

**<u>Trial and Filings due Prior to Trial</u>**

1. **Trial.** This case is scheduled for bench trial commencing at 9:00 a.m. on **________**, 2025, at the United States Courthouse in Kansas City, Missouri.

2. **Trial Filings.** The following documents shall be filed prior to trial:

a. **Trial Brief.** Seven (7) days prior to trial, counsel for each party shall file a trial brief stating the factual and legal contentions for the party for whom the trial brief is filed. The trial memorandum shall contain: a general statement of the case, citation of the authority upon which the party relies on unresolved legal issues, a general statement of the evidence to be offered, and a statement of any evidentiary or procedural problem expected to arise, with citations of authority.

3. **Trial Procedure.** The Court will place time limits on opening statements and direct and cross-examination of all witnesses. You should be prepared to support your representations as to the length of trial.

4. **Trial Rules.** In order to ensure the efficient use of time during trial, the following rules of Court will be imposed:

   a. All legal issues must be raised in advance of trial by written motions and in accordance with the scheduling order of this Court;

   b. Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner;

   c. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with written authority for their positions; and

   d. Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to their testimony.

**Failure to Appear/Comply**

Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

IT IS SO ORDERED.

Respectfully submitted,

By: */s/ Derrick A. Pearce (w/permission)*

Derrick A. Pearce, MO # 42793
Kyle H. Sciolaro, #64568
BURNETTDRISKILL, Attorneys
103 W. 26th Ave., Ste. 290
North Kansas City, MO 64116
P: (816) 781-4836
F: (816) 792-3634
dpearce@burnettdriskill.com
ksciolaro@burnettdriskill.com

ATTORNEYS FOR PLAINTIFF

**AND**

By: */s/ Iwana Rademaekers*

Iwana Rademaekers (Texas Bar No. 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- and -

By: */s/ Dan S. Folluo*

Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121
(918) 582-1173
(918) 592-3390 (facsimile)

ATTORNEYS FOR DEFENDANT