**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ANGELA COFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00478-DGK |
| | ) | |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**SCHEDULING AND TRIAL ORDER**

Now before the Court is the parties joint proposed scheduling order. ECF No. 13. The parties anticipate this action will be decided on cross-motions for summary judgment or motions for determination on the administrative record without the need for discovery. Pursuant to Rules 16(b), and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the limited schedule below is hereby established.

**Key Dates**

1. Motions to join additional parties shall be filed on or before November 14, 2024.
2. Motions to amend the pleadings shall be filed on or before November 14, 2024.
3. Dispositive motions shall be filed on or before March 13, 2025.
4. Motions in limine shall be filed twenty-eight (28) days prior to the pretrial conference.
5. The pretrial conference is scheduled to be held at 11:00 a.m. on August 26, 2025.
6. Trial briefs shall be filed fourteen (14) days prior to trial.
7. The trial is scheduled to commence at 8:00 a.m. on September 23, 2025, for 1 day.

**Motions**

1. **Dispositive Motions.** All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before March 13, 2025. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such

motion may refer specifically to a genuine dispute of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

2. **Motions for Extension of Time**. All motions for extension of time pursuant to Rules 6(b), 31, 33, 34, or 36 must state:

a. The date when the pleading, response or other action is/was first due;

b. The number of previous extensions and the date the last extension expires;

c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

**<u>Pretrial Conference & Filings Due Prior to Pretrial Conference</u>**

1. **Pretrial Conference**. A final pretrial conference in this case will be held at <u>11:00 a.m.</u> on <u>August 26, 2025</u>, via telephone conference.[1] To avoid any reception issues, all participants in the telephone conference shall participate in the call from a landline, not a cell phone. The conference call-in number will be emailed to counsel. Lead trial counsel shall participate in this conference. The agenda for this conference will include:

a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

b. Identification of legal and factual issues to be tried;

c. Disposition of pending motions;

d. Discussion of any legal questions which must be resolved prior to trial;

e. Discussion of any suggestions by counsel to simplify and expedite the

[1] In some instances, the Court may require counsel to appear in person for the pretrial conference.

trial; and

f. Discussion of the status and likely success of settlement negotiations.

2. **Pretrial Filings**. To improve the quality of trial through more thorough preparation, the attorneys must meet and confer at least three (3) days prior to the deadlines contained in Paragraphs b, c, d, and e, below to identify what is truly in dispute and to facilitate the admission of uncontroverted evidence.

a. **Motions in limine.** Twenty-eight (28) days prior to the pretrial conference, motions in limine shall be filed. Responses to motions in limine shall be filed at least twenty-one (21) days prior to the pretrial conference.

b. **Stipulation of Uncontroverted Facts.** Fourteen (14) days prior to the pretrial conference, a stipulation of uncontroverted facts shall be filed. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

c. **Stipulation as to the Admissibility of Evidence.** Fourteen (14) days prior to the pretrial conference, stipulation as to the admissibility of evidence shall be filed when the identification and foundation of the exhibit is not contested. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

d. **Witness Lists.** Fourteen (14) days prior to the pretrial conference, witness lists shall be filed. Each party shall file and serve a list of all witnesses who may be called at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. No supplemental or amended witness lists will be allowed without leave of Court and for good cause. To aid in voir dire, the parties shall list each witness's hometown.

e. **Exhibit Lists.** Fourteen (14) days prior to the pretrial conference, exhibit lists shall be filed on the exhibit index form provided by the clerk's office. The form can also be found on the Court's website at www.mow.uscourts.gov/forms/district. Each party will file and serve a list of all exhibits which may be offered at trial. Additionally, each party shall make

its exhibits available for inspection by the other parties prior to the pretrial conference. The parties shall also prepare and provide to the Courtroom Deputy an exhibit index, with said index being prepared on a form provided by the clerk's office. Each exhibit will be designated as either "Plaintiff's" or "Defendant's." Plaintiff shall number their exhibits beginning with the number 1. Defendant shall number their exhibits beginning with the number 501. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description on the exhibit index. It is not necessary to list exhibits to be used only for impeachment or rebuttal purposes. Failure to list an exhibit or to disclose an exhibit to adverse counsel as required by this order will result, except upon a showing of good cause, in the non-admissibility of the exhibit into evidence at the trial. No supplemental or amended list of exhibits will be allowed without leave of Court and for good cause.

f. **Remaining Claims**. Fourteen (14) days prior to the pretrial conference, each party shall file a schedule of claims, counterclaims, and affirmative defenses that remain outstanding, along with the elements of each claim, citing authority for such elements.

**Trial and Filings Due Prior to Trial**

1. **Trial**. This case is scheduled for bench trial commencing at 8:00 a.m. on September 23, 2025, at the United States Courthouse, Courtroom 8D, in Kansas City, Missouri.

**2.** **Trial Brief**. Fourteen (14) days prior to trial, counsel for each party shall file a trial brief. The purpose of this brief is to assist the Court and expedite the Court's rulings during trial. The trial brief should provide a summary of the evidence to be offered by witness and exhibit. This summary should not be long, no more than two or three pages. It should also not recite the pleadings or the elements of the claims.

3. **Trial Procedure**. The Court will place time limits on opening statements and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

4. **Trial Rules**. In order to ensure the efficient use of time during trial:

a. All legal issues must be raised in advance of trial by written motions and in accordance with this scheduling order;

b. Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner;

c. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with a pinpoint citation to relevant written legal authority for their positions;

d. Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to testifying; and

e. Counsel shall show opposing counsel any exhibits they intend to use prior to a witness testifying.

**Failure to Appear/Comply**

Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

**IT IS SO ORDERED.**

Date: October 2, 2024

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT